**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

MICHAEL PAUL PUZEY,

    Petitioner,

v.                              Criminal Action Nos.  3:00CR57-16
                                                       3:00CR64-2
                                          Civil Action No.    3:04CV63
                                          (BAILEY)

UNITED STATES OF AMERICA,

    Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

<u>I.</u>    <u>Introduction</u>

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of Magistrate Judge James E. Seibert. By Standing Order dated March 24, 2000, this matter was referred Magistrate Judge Seibert for a proposed report and recommended disposition. On July 2, Magistrate Judge Seibert filed his R&R regarding the petitioner's Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The petitioner timely filed his corresponding Objections on July 20, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review under the standards that the district

1

court believes are appropriate and, under these circumstances, the parties' right to *de novo* review is waived. See ***Webb v. Califano***, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of this Court that the Magistrate Judge's **Report and Recommendation [Crim. Doc. 3:00-cr-64 # 27; Crim. Doc. 3:00-cr-57 # 1402; Civ. Doc. 10]** should be, and is, **ORDERED ADOPTED**.

II. Factual and Procedural History

On April 26, 2001, a jury found the petitioner guilty of one count of conspiracy to distribute cocaine base, four counts of distribution of cocaine base, and one count of use of a firearm during and in relation to a drug trafficking offense. As a result, the Court sentenced petitioner to life imprisonment on the conspiracy count, a 240-month term of incarceration on three of the distribution counts, 480 months on the fourth distribution count, and a consecutive five-year sentence on the firearms count. Thereafter, petitioner unsuccessfully appealed to the Untied States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence by unpublished opinion on August 11, 2003.

On July 26, 2004, the plaintiff filed his first Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. Upon consideration, the Magistrate Judge found petitioner's claims to be without merit and recommended that the petition be dismissed. On July 15, 2005, this Court overruled the petitioner's objections thereto and adopted the R&R. Petitioner now files his Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

In the instant motion, the petitioner contends that the statute of limitations pursuant to 18 U.S.C. § 3282 had run on his Indictment and, therefore, the Indictment was invalid. Additionally, petitioner alleges that he had ineffective assistance of counsel that violated his Due Process rights under the United States Constitution.

### III. Applicable Law

Rule 60(b) of the Federal Rule of Civil Procedure states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pr. 60(b).

In a Fourth Circuit decision, **Dowell v. State Farm Fire and Cas. Auto. Ins. Co.**, 993 F.2d 46, 48 (4th Cir. 1993), the Court stated:

before a party may seek relief under rule 60(b), a party must first show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." **Werener v. Cabo**, 731 F.2d 204, 207

(4th Cir. 1984). After a party has crossed the initial threshold, he must then satisfy one of the six specific sections of rule 60(b). *Id*.

*Vickers v. Pendelton County Bd. of Educ.*, 2007 WL 2455466 *1, (N.D.W.Va. 2007).

"A Rule 60(b) motion that directly attacks a conviction or sentence is usually barred as a successive application." **Sanders v. U.S.**, 2006 WL 1432347 (D.S.C. 2006); quoting **United States v. Winestock**, 340 F.3d 200, 206 (4th Cir. 2003). The Fourth Circuit has held that "Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." **Hunt v. Nuth**, 57 F.3d 1327, 1339 (4th Cir. 1995). In **Winestock**, the Fourth Circuit further mandated that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Id*. at 206; quoting **Calderon v. Thompson**, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief).

The **Winestock** court also described the method that courts should use to distinguish proper motions under Rule 60(b) from "'successive applications in 60(b)'s clothing.'" *Id*. at 207; quoting **Lazo v. United States**, 314 F. 3d 571, 573 (11th Cir. 2002) (per curiam). The Court stated:

4

a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

*Id*.

IV. Discussion

**1. Petitioner's Statute of Limitations Argument**

    **A. Magistrate Judge's Findings**

In his Report and Recommendation as to the statute of limitations argument, the magistrate judge found:

Because the indictment charges that the conspiracy was in effect until the entry of the indictment, which was on or about December 5, 2000, an agreement between the conspirators existed during the limitations period. Furthermore, petitioner was convicted of distributing cocaine on January 13, 2000, and January 28, 2000 in Counts Forty-Four, Fifty- Four, and Fifty-Five of the indictment. Because these acts constitute an overt act in furtherance of the conspiracy and were within the limitations period, the prosecution for conspiracy against petitioner was legal. Accordingly, this claim must be dismissed.

### B. Petitioner's Objections

In his objections, the petitioner basically restates his previous arguments raised in the petition which perpetuate his self-serving conclusions that the five-year statute of limitations precluded the Government from bringing the Indictment against him. Specifically, the petitioner reiterates his baseless argument that Congress did not intend to include drug conspiracy offenses to be in the category of "continuing crimes." This is simply a misstatement of the law.

### C. District Court's Findings

The petitioner's claim that the Indictment is not valid is brought pursuant to 60(b)(4), or that the 'judgment is void.' 18 U.S.C. § 3282 states:

> Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.

18 U.S.C. § 3282.

The petitioner's argument is that the conspiracy charge in the Indictment alleges that a conspiracy took place from 1990 until the entry of the Indictment. He claims that because the events in 1990 occurred more than five (5) years prior to the Indictment, he cannot be charged under the statute stated above.

"A prosecution for conspiracy is timely if, during some portion of the limitations period, (1) the agreement between the conspirators was in existence; and (2) at least one overt act in furtherance of that conspiratorial agreement occurred." ***United States v.***

*United Medical and Surgical Supply Corp.*, 989 F.2d 1390, 1398 (4th Cir. 1993); quoting *Grunewald v. United States*, 353 U.S. 391, 396-97 (1957). "The fact that the conspiracy began outside the limitations period will not prevent prosecution as long as at least one overt act in furtherance of the conspiracy occurred within five years of the indictment." *United Medical*, at 1398; see also *United States v. Head*, 641 F.2d 174, 177 (4th Cir. 1981).

Accordingly, because these acts constitute an overt act in furtherance of the conspiracy and were within the limitations period, the prosecution for conspiracy against the petitioner was legal. Therefore, this claim must be **DISMISSED**.

### 2. Petitioner's Claim of Ineffective Assistance of Counsel

#### A. Magistrate Judge's Findings

As to the claim of ineffective assistance of counsel, the magistrate judge found the following:

Petitioner claims that his attorney did not raise the statute of limitations defense and his attorney was unprepared for trial. Petitioner also claims that his lawyer was extremely hard to contact and was not able to communicate with him. However, petitioner has failed to show that this is an exceptional circumstance and, in the words of the *Vickers* Court, more than a lawyer's 'carelessness or ignorance.' It is also clear that these claims are no more than an attack on petitioner's conviction. Essentially, the claim is that if this defense had been raised, petitioner would not have been convicted. Under

7

***Winestock***, the Court must find what petitioner characterizes as a 60(b) motion as a successive petition and dismiss the same for lack of jurisdiction.

### B. Petitioner's Objections

In his Objections, the petitioner essentially concedes that his claim for ineffective assistance of counsel is not cognizable under Rule 60(b); however, he argues that the magistrate judge likewise admitted that counsel was in fact careless or ignorant. Such arguments have no effect on this Court's ruling.

### C. District Court's Findings

This Court has reviewed the record and agrees with the magistrate judge's analysis and conclusion. This Court finds that the magistrate judge's finding is an accurate statement of law applicable to the petitioner's claim. Simply put, "[a] Rule 60(b) motion that directly attacks a conviction or sentence is usually barred as a successive application." ***Sanders v. United States***, 2006 WL 1432347 (D.S.C. 2006); quoting ***United States v. Winestock***, 340 F.3d 200, 206 (4th Cir. 2003). The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are equivalent to additional habeas claims." ***Hunt v. Nuth***, 57 F.3d 1327, 1339 (4th Cir. 1995). In ***Winestock***, the Fourth Circuit further mandated that "district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant 'to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" ***Id***. at 206; quoting ***Calderon v. Thompson***, 523 U.S. 538, 553 (1998) (holding that courts must not allow prisoners to circumvent the strict

8

requirements of 28 U.S.C. § § 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief).

Further, "the United States Court of Appeals for the Fourth Circuit has expressly held that "a lawyer's ignorance or carelessness do [ sic ] not present cognizable grounds for relief under rule 60(b)." **Vickers** at *1; quoting **In re Virginia Information Systems Corp. v. Wang Laboratories, Inc.**, 932 F.2d 338, 342 (4th Cir. 1991). This is clearly not an exceptional circumstance, and is no more than a lawyer not filing an action petitioner believed should be filed or not following through on a promise.

These actions amount to nothing more than 'ignorance' or 'carelessness' on the behalf of the attorney. Accordingly, as the magistrate judge correctly points out in his R&R, this claim must be **DISMISSED** as successive. As such, this Court finds that the petitioner's Objection must be **OVERRULED**.

V. Conclusion

For the foregoing reasons, and those more fully contained in the Magistrate Judge's Report and Recommendation, the Court hereby **ORDERS** as follows:

1. The Magistrate Judge's **Report and Recommendation [Crim. Doc. 3:00-cr-64 # 27; Crim. Doc. 3:00-cr-57 # 1402; Civ. Doc. 10]** is **ORDERED ADOPTED**;

2. The petitioner's Motion to Set Aside Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure **[Crim. Doc. 3:00-cr-64 # 23; Crim. Doc. 3:00-cr-57 # 1326; Civ. Doc. 9]** is **DENIED**; and,

3. The petitioner's Objections to the R&R **[Crim. Doc. 3:00-cr-64 # 29; Crim.**

**Doc. 3:00-cr-57 # 1406]** are hereby **OVERRULED**.

As a final matter, it is **ORDERED** that this matter be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: August 26, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE